UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL FRIEDMAN, Individually and on behalf of all others similarly situated,

Plaintiff,

-against-

THE PROHET MANASSEH JORDAN MINISTRIES,

Defendant.

No. 1:14-cv-3129 (VEC)

**ANSWER**

Defendant The Prophet Manasseh Jordan Ministries ("Defendant" or "the Ministry"), by and through its undersigned counsel, for its answer to the complaint filed on May 2, 2014 (the "Complaint") by plaintiff Samuel Friedman ("Plaintiff"), respectfully answers, alleges, and states as set forth below. Defendant expressly denies any allegations which it does not expressly admit below.

1. Deny.

2. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

3. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

4. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

5. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

6. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

## JURISDICTION AND VENUE

7. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

8. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

10. Defendant admits that it is a corporation whose place of incorporation is in the state of New York, that it has a place of business in New York and that it conducts business in New York. Except as specifically admitted, Defendant denies the allegations of this paragraph of the Complaint.

## FACTUAL ALLEGATIONS

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

12. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

13. Admit.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

15. Defendant denies that it called Plaintiff to solicit him to its Christian Ministry, or that any calls were for marketing and solicitation purposes. As to the remaining allegations of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

17. Deny.

18. Deny.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

20. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

21. Deny.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

24. Deny.

**CLASS ACTION ALLEGATIONS**

25. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

26. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

27. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in this paragraph of the Complaint.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them on that basis.

35. Deny.

36. Deny.

## CAUSES OF ACTION

### COUNT I
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 *et seq.***

37. Defendant incorporates by reference its answers to the allegations set forth in paragraphs 1-36 above as if fully incorporated herein.

38. Deny.

39. Deny.

40. Deny.

**COUNT II**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**

41. Defendant incorporates by references its answers to the allegations set forth in paragraphs 1-40 above as if fully incorporated herein.

42. Deny.

43. Deny.

44. Deny.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief set forth in the unnumbered "Wherefore" paragraph, including sub-paragraphs (a) and (b), on page 8 of the Complaint.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses, each as separate and distinct defenses to Plaintiff's Complaint. Insofar as any of the following expresses denial of any element of any claim alleged against Defendant, such expression does not indicate that Plaintiff is relieved of his burden to prove each and every element of any such claims or that Defendant has assumed any burden of proof. Further, nothing in Defendant's affirmative defenses shall be construed to alter or shift to Defendant the burden of proof.

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Defendant did not place any telephone calls to Plaintiff or the putative class members without prior express consent.

3. Plaintiff and members of the putative class provided prior express consent within the meaning of 47 U.S.C. § 227(b)(1)(A) to receive the communications which they claim give rise to the allegations in Plaintiff's Complaint and, as such, their claims are barred.

4. The claims alleged by Plaintiff and on behalf of putative class members are barred because the alleged damages, if any, were caused solely by the acts, wrongs or omissions of third parties over whom Defendant had no control and for which Defendant is not responsible.

5. The claims alleged by Plaintiff and on behalf of putative class members are barred because the alleged damages, if any, were caused solely by their own respective acts, wrongs or omissions, by intervening causes, or by other persons or entities over whom Defendant had no control and for which Defendant is not responsible.

6. The request for injunctive relief is moot because the acts complained of have ceased and have no reasonable likelihood of recurring.

7. To the extent any telephone calls were placed to Plaintiff or to putative class members, they were not made using an automatic telephone dialing system within the meaning of 47 U.S.C. § 227(a)(1).

8. Imposition of statutory damages would be so punitive and disproportionate to the gravity of any violations alleged in the Complaint as to amount to a violation of due process.

9. Plaintiff lacks standing to assert and maintain his claims against Defendant and to represent any putative class with regard to those claims.

10. Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Defendant has not conducted discovery.

**WHEREFORE**, Defendant prays that:

A. Plaintiff's Complaint be dismissed in its entirety with prejudice;

B. Plaintiff and members of the putative class take nothing by this action;

C. Defendant be awarded its expenses and costs incurred in defense of this action, including its attorneys' fees to the extent permitted by law; and

D. Defendant be awarded such other relief as the Court deems just and proper.

Dated: New York, New York
May 30, 2014

**VENABLE LLP**

By: /s/ ______________________

Chaim (Carter) Z. Kagedan
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Email: ckagedan@venable.com

Daniel S. Silverman (*pro hac vice*)
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
Email: dsilverman@venable.com

*Attorneys for Defendant*
*The Prophet Manasseh Jordan Ministries*